**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ROBERT EARL ROBINSON** **PETITIONER**

**v.** **NO. 4:26-cv-00857-BSM-PSH**

**INTERNAL REVENUE ADMINISTRATION,**
**UNITED STATES OF AMERICA, and**
**ARKANSAS ROB ENTERTAINMENT COMPANY** **RESPONDENTS**

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Petitioner Robert Earl Robinson ("Robinson") began this case by filing a motion for leave to proceed in forma pauperis and a document that he characterized as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he joined the "Internal Revenue Administration," the United States of America, and "Arkansas Rob Entertainment Company." A summary of the petition is very difficult. It appears that his claims involve his intellectual property and entitlement to social security benefits.[1]

The undersigned reviewed the submissions as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and on the basis of that review, ordered the following on August 25, 2026:

(1) Robinson's motion for leave to proceed in forma pauperis was denied because he had the means to pay the five-dollar filing fee. See Docket Entry 3. He was not ordered at that time to pay the filing fee because it was not clear if this case is within the ambit of 28 U.S.C. 2241.

---

[1] It is possible that the case at bar is related to: (1) Robinson v. Garrett, No. 2:23-cv-00169-KGB, a case dismissed on August 17, 2026; (2) Robinson v. Does, 4:26-cv-00898-LPR, a case filed on August 31, 2026; (3) Robinson v. Does, No. 4:26-00968-DPM, a case filed on September 22, 2026; and (4) Robinson v. Internal Revenue Service, No. 4:26-cv-01127-BSM, a case filed on October 15, 2026.

(2) Robinson was given up to, and including, September 28, 2026, to file an amended petition because he failed to provide sufficient information to determine, inter alia, the conviction or sentence he is challenging, the constitutional claims he is asserting, and the facts supporting his claims. See Docket Entry 3. Only after he filed an amended petition could the undersigned determine if he can proceed pursuant to 28 U.S.C. 2241 and pay only a five dollar filing fee.

In the August 25, 2026, Order, Robinson was also notified of his obligation to comply with the Federal Rules of Civil Procedure as well as the Local Rules for the United States District Court for the Eastern District of Arkansas. Specifically, he was directed to Local Rule 5.5(c)(2), which provides the following:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

The August 25, 2026, Order was mailed to Robinson at the address he provided the Clerk of the Court ("Clerk") at the beginning of this case: 3616 West Roosevelt Road, Little Rock, Arkansas 72201. The envelope containing the August 25, 2026, Order was returned, though, stamped "Return to Sender, Vacant, Unable to Forward." See Docket Entry 4.

On October 1, 2026, the undersigned entered an Order giving Robinson up to, and including, November 2, 2026, to: (1) provide his current mailing address to the Clerk, and (2) file an amended petition. See Docket Entry 5. Robinson was again notified of his obligation to comply with Local Rule 5.5(c)(2). He was also cautioned that in the event he failed to provide his current address and file an amended petition by November 2, 2026, the undersigned would recommend that this case be dismissed without prejudice.

The October 1, 2026, Order was mailed to Robinson at the address he provided the Clerk at the beginning of this case. The envelope containing the October 1, 2026, Order was returned, though, stamped "Return to Sender, Attempted-Not Known, Unable to Forward." See Docket Entry 7.[2]

[2] The record reflects that the Clerk also mailed Robinson copies of his motion to proceed in forma pauperis, his petition, and the August 25, 2026, Order (again) in another envelope. See Docket Entry 6. That envelope too was returned stamped "Return to Sender, Not Deliverable as Addressed, Unable to Forward." See Docket Entry 6.

November 2, 2026, has now come and gone, and Robinson has not provided his current mailing address nor filed an amended petition. Given his failure to do so, and his failure to comply with Local Rule 5.5(c)(2), it is recommended that this case be dismissed without prejudice.

DATED this 5th day of November, 2026.

UNITED STATES MAGISTRATE JUDGE